**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD KAUFMANN,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Civil Action No. 26-3946 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Freedom Mortgage Corporation's Motion to Dismiss *pro se* Plaintiff Edward Kaufmann's Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6). (ECF No. 7.) Plaintiff opposed, Defendant replied, and, with the Court's leave, Plaintiff submitted a sur-reply. (ECF Nos. 9-11.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

## I. BACKGROUND[1]

On November 21, 2024, Defendant initiated a foreclosure action (State Foreclosure Action) against Plaintiff in the Superior Court of New Jersey, Ocean County. *Freedom Mortg. Corp. v.*

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

*Edward Kaufmann*, No. SWC-F-11684-24, (N.J. Super. Ct. Nov. 21, 2024), CHC2024358275.[2] Defendant alleged Plaintiff had defaulted on his mortgage loan and sought judgment on the remaining debt owed to Defendant as assignee of the mortgage. *Id.* at 6-7. On October 29, 2025, following a year of litigation, the Superior Court of New Jersey entered a final foreclosure judgment against Plaintiff, finding Defendant entitled to payment of the mortgage debt and ordering a Sheriff's sale of the mortgaged property. *Freedom Mortg. Corp. v. Edward Kaufmann*, No. SWC-F-11684-24, (N.J. Super. Ct. Oct. 29, 2025), CHC2025344810; (ECF No. 10-1 at 2-3.)[3]

On April 14, 2026, Plaintiff filed this action. Plaintiff's Complaint alleges Defendant has committed various violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § *et seq.*, in its "continuous" attempts—dating back to 2017—to collect a mortgage debt from Plaintiff. (ECF No. 1 ¶¶ 15-16.) Specifically, Plaintiff claims Defendant has not verified its authority to collect the debt as assignee of the mortgage and disputes the authenticity of Defendant's mortgage assignment documentation. (*Id.* ¶¶ 17-26.) Plaintiff also asserts that available records do not establish complete chain of title for the mortgage loan. (*Id.* ¶¶ 27-32.) Nonetheless, Plaintiff acknowledges that the mortgage documents he challenges here are the "same underlying instruments" that Defendant relied upon in the State Foreclosure Action and "does not challenge" the decision reached there, (*id.* ¶¶ 34-36).

On May 26, 2026, Defendant moved to dismiss the Complaint. (ECF No. 7.) Defendant contends that the Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine and the claims are otherwise barred by *res judicata*. (ECF No. 7-1 at 11-12.) Defendant

---

[2] The Court takes "judicial notice of the state court proceedings, which are a matter of public record." *McDonald v. Jones*, 427 F. App'x 84, 85 n.1 (3d Cir. 2011).

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

also argues that the Complaint fails to state valid FDCPA claims and, even if it did, the claims exceed the statute of limitations. (*Id.* at 12-13.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Rule 12(b)(1) permits a defendant to dismiss the complaint for lack of subject-matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, Civ. No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc.*, 220 F.3d at 178).

A facial challenge[4] to a court's subject matter jurisdiction asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). "In assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1), courts apply the familiar 12(b)(6) standard." *Thomson v. Volvo Car N. Am., LLC*, Civ. No. 25-17193, 2026 WL 2664385, at *2 (D.N.J. Sept. 10, 2026) (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). Accordingly, a court shall "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*,

---

4 "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs.*, 220 F.3d at 176. The Court finds that Defendant raises a facial challenge here because it "attacks the complaint on its face without contesting its alleged facts" and does not require review of evidence extrinsic to the pleadings, except matters of which the court may take judicial notice. *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).

770 F.3d 241, 249 (3d Cir. 2014). "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Recom Solar, LLC*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

Motions to dismiss for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine are properly brought pursuant to Rule 12(b)(1). *Gage v. Warren Twp. Comm. & Plan. Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012).

**B. Rule 12(b)(6): Failure to State a Claim**

On a motion to dismiss for failure to state a claim, courts "assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (internal quotations omitted). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231-32 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

"Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d

Cir. 2004) (citation modified). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

### A. *Rooker-Feldman* Doctrine

Defendant first contends that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine because the State Foreclosure Action is "inextricably intertwined" with the present case. (ECF No. 7-1 at 10.) The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under this doctrine, a federal court lacks subject matter jurisdiction if "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations omitted).

There is no dispute that the first and third elements of the *Great Western Mining* test are met. On October 29, 2025, the Honorable Craig. L. Wellerson entered final judgment in the State Foreclosure Action, which involved the same parties. (ECF No. 10-1 at 2.) "Even if steps such as a sheriff's sale remain to be taken, a state court foreclosure judgment is final for purposes of New Jersey law and *Rooker-Feldman*." *Barrett v. Washington Mut. Bank, FA*, Civ. No. 17-7942, 2018 WL 3435071, at *4 n.2 (D.N.J. July 16, 2018). This final judgment was entered against Plaintiff and before the present suit commenced. *See Freedom Mortg. Corp. v. Edward Kaufmann*, No. SWC-F-11684-24, (N.J. Super. Ct. Oct. 29, 2025), CHC2025344810.

As to the second element, which requires that Plaintiff complains of injuries caused by the state-court judgment, each FDCPA claim arises from the state court's recognition of Defendant as valid assignee of the mortgage debt. All four counts concern Defendant's legal authority to enforce the debt. Count I alleges that Defendant falsely represented that it "possesse[d] lawful authority to enforce the debt" in violation of 15 U.S.C. § 1692e. (ECF No. 1 ¶¶ 44-45.) Count II alleges that Defendant misrepresented that the debt was "legally enforceable" in violation of 15 U.S.C. § 1692e(2). (*Id.* ¶¶ 46-47.) Count III alleges that Defendant used deceptive means, including "litigation and supporting documentation" to collect the mortgage debt in violation of 15 U.S.C. § 1692e(10). (*Id.* ¶¶ 48-49.) Count IV alleges that Defendant employed unfair collection practices by "attempting to collect a debt without verifiable ownership" in violation of 15 U.S.C. § 1692f. (*Id.* ¶ 50.) But Defendant's authority was deemed valid in the State Foreclosure Action, where Judge Wellerson found Defendant entitled to the mortgage debt after reviewing the same disputed documents. (ECF No. 10-1 at 2-3 (relying on Defendant's obligation, mortgage, assignment of mortgage, and mortgage modification documents); ECF No. 1 ¶ 35 (conceding "Defendant has relied upon the same underlying instruments across [prior] proceedings").)

Therefore, each of Plaintiff's claims "rely on the premise[] that the mortgage and foreclosure judgment were invalid." *Barrett*, 2018 WL 3435071, at *5; *see Sherk v. Countrywide Home Loans, Inc.*, Civ. No. 08-5969, 2009 WL 2412750, at *5 (E.D. Pa. Aug. 5, 2009) (finding *Rooker-Feldman* barred a FDCPA claim that "rests on the [plaintiffs'] contention that the assignment of the mortgage was invalid"); *In re Ogilvie*, 533 B.R. 460, 469 (Bankr. M.D. Pa. 2015) (finding that "consideration of [FDCPA] allegations would undercut and implicitly reject the judgment entered in the State Foreclosure Action"). Because Plaintiff's claims necessarily

implicate the validity of the underlying State Foreclosure Action, the second element of *Great Western Mining* is satisfied.

For similar reasons, the fourth *Great Western Mining* element is satisfied because consideration of the Complaint will require this Court to review or reject the prior state judgment. The Complaint explicitly requests that this Court "prohibit Defendant from collecting the alleged debt without substantiating ownership." (ECF No. 1 at 6.) Other courts in this circuit have found that *Rooker-Feldman* precludes federal jurisdiction where the Complaint is an "attempt to use the FDCPA to attack the underlying debt and the judgment entered in the State Foreclosure Action." *In re Ogilvie*, 533 B.R. at 468; *see Alston v. Bank of Am., N.A.*, Civ. No. 18-13702, 2019 WL 1650086, at *2 (D.N.J. Apr. 17, 2019) (finding *Rooker-Feldman* precludes FDCPA claims that "relate to the validity of the foreclosure action and implicate matters already decided by the state court"); *Sherk*, 2009 WL 2412750, at *6 ("[Plaintiff] may not seek relief that requires a predicate finding that the state court's action resulting in the entry of a judgment was wrongfully entered."). Given that all the elements of the *Great Western Mining* test are satisfied, the Court concludes that Plaintiff "at least in part" seeks "redress from the state court's judgment in the foreclosure action" and jurisdiction is barred by *Rooker-Feldman*. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008); *see In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (finding *Rooker-Feldman* precluded jurisdiction over a claim that would "negate the foreclosure judgment").

Plaintiff's argument that he only "challenges Defendant's continuing and independent debt-collection conduct occurring in 2026" is unavailing. (ECF No. 9 at 11). Plaintiff's contention is belied by the plain language of the Complaint, which explicitly refers to Defendant's "continuous course of collection activity" since "at least 2017." (ECF No. 1 ¶¶ 15-17.) Regardless, any

challenges to Defendant's 2026 collection conduct still attacks the state court's recognition of Defendant as the assignee of Plaintiff's mortgage debt. (*See id.* ¶ 41 (complaining of Defendant's continued efforts to "assert authority to enforce the debt," "pursue foreclosure-related remedies," and "rely on the same disputed instruments."); *id.* at 6 (requesting the Court "[p]rohibit Defendant from collecting the alleged debt").) Therefore, Plaintiff's FDCPA claims remain "inextricably intertwined" with the decision reached in the State Foreclosure Action. *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (affirming *Rooker-Feldman* barred jurisdiction where the relief sought "would invalidate the [state court] judgment against [plaintiff]"). *Rooker-Feldman* precludes this Court from questioning those findings.

### B. *Res Judicata* Doctrine

To the extent *Rooker-Feldman* does not preclude this Court's review of the Complaint, the Court still finds Plaintiff's claims separately barred by *res judicata*. *Res judicata*, or claim preclusion, "prevents the relitigation of identical cases." *Sec'y United States Dep't of Lab. v. Kwasny*, 853 F.3d 87, 94 (3d Cir. 2017). "The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the Full Faith and Credit Statute, which provides, in relevant part, that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" *Metro. Edison Co. v. Pennsylvania Pub. Util. Comm'n*, 767 F.3d 335, 350 (3d Cir. 2014) (quoting 28 U.S.C. § 1738).

Under New Jersey law,[5] "[c]laim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *McNeil v.*

[5] A district court looks to state law to determine the preclusive effect of a prior state judgment. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985) ("[A] federal

*Legis. Apportionment Comm'n of State*, 828 A.2d 840, 859 (N.J. 2003) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991)). For claim preclusion to apply, "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."[6] *Id.* (quoting *Watkins*, 591 A.2d at 599).

Defendant demonstrates that the first two elements are satisfied. Both Plaintiff and Defendant were parties in the State Foreclosure Action, and Judge Wellerson's final judgment came after entering summary judgment against Plaintiff and reviewing the relevant record. (ECF No. 10-1 at 3.) As the matter was "actually litigated and determined," the final judgment entered in the State Foreclosure Action meets the requirements of a "valid and final adjudication on the merits of the claim." *Velasquez v. Franz*, 589 A.2d 143, 147 (N.J. 1991).

Thus, only the third element is in dispute. Defendant contends that the FDCPA claims arise out of the same transaction litigated in the State Foreclosure Action because the claims concern the enforceability of the same mortgage assignment documents. (ECF No. 7-1 at 12.) The Court's analysis is informed by New Jersey's "entire controversy" doctrine, which compels parties to bring all claims relevant to a controversy in one legal action. N.J. Ct. R. 4:30A; *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) ("A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act[.]"). "With respect to foreclosure actions,

---

court may rely in the first instance on state preclusion principles to determine the extent to which an earlier state judgment bars subsequent litigation.").

[6] As noted above, the party asserting claim preclusion—Defendant here—bears the burden of showing it applies. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

specifically, the entire controversy doctrine requires that all 'germane' claim[s] must be joined in the first action or they are forever barred." *Pitts v. Bayview Loan Servicing, LLC*, Civ. No. 18-633, 2018 WL 6243037, at *5 (D.N.J. Nov. 29, 2018) (citing N.J. Ct. R. 4:64–5). As relevant here, FDCPA causes of action "are indeed 'germane' counterclaims that must be raised during a foreclosure action." *Lin v. Hudson City Sav. Bank*, Civ. No. 18-15387, 2019 WL 4043946, at *8 (D.N.J. Aug. 27, 2019).

Therefore, the Court concludes that the FDCPA claims grow out of the same occurrence as the claims at issue in the State Foreclosure Action. *See Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) (affirming that *res judicata* barred FDCPA claims raised in a federal suit that could have been raised in the prior state court proceeding); *Pashko v. Bank of Am. N.A.*, Civ. No. 14-3649, 2015 WL 778715, at *3 (D.N.J. Feb. 23, 2015) (finding FDCPA claims barred because they "aris[e] out of the mortgage transaction which is the subject matter of the [state] action."); *Alston,* 2019 WL 1650086, at *3 (finding FDCPA claims challenging the validity of a loan barred under entire controversy doctrine); *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, Civ. No. 13-7062, 2014 WL 2711177, at *7 (D.N.J. June 16, 2014) (finding *res judicata* barred FDCPA claims that "could have been raised" in the underlying foreclosure action).

Plaintiff argues that his claims are not barred because his "FDCPA claims arise from continuing 2026 debt-enforcement conduct and later-arising facts occurring after the foreclosure judgment itself." (ECF No. 9 at 15.) But as explained above, the core injury asserted in each of Plaintiff's claims is Defendant's legal ownership of the mortgage debt, which was decided in the State Foreclosure Action. The only allegations potentially related to 2026 are general ones regarding Defendant's continued efforts to "enforce the debt," "pursue foreclosure-related

remedies," and "rely on the same disputed instruments." [7] (ECF No. 1 ¶ 41.) Even if debt collection efforts actions took place in 2026—which is unclear from the Complaint—the determinations made in the State Foreclosure Action based on the "same underlying facts" preclude these allegations. *Lin*, 2019 WL 4043946, *8 (citing *Opdycke v. Stout*, 233 F. App'x 125, 129 (3d Cir. 2007)).

Accordingly, the Court finds that the Complaint must separately be dismissed under Rule 12(b)(6) because the claims alleged are barred by *res judicata*.[8] Because the Court dismisses first for lack of subject matter jurisdiction, it does so without prejudice. *Ritchwood v. Essex Cnty. Towing*, Civ. No. 24-1727, 2024 WL 5244549, at *1 n.3 (3d Cir. Dec. 30, 2024) ("A dismissal for lack of subject matter jurisdiction is to be without prejudice.").

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) (ECF No. 7) is **GRANTED** without prejudice. An appropriate Order follows.

Dated: November 19, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff's complaint to the Consumer Financial Protection Bureau (CFPB) also concerns "Defendant's asserted ownership" of the debt. (ECF No. 1 ¶¶ 38-39; ECF No. 1-2). These allegations fail to raise an independent basis for the Court to infer violations of the FDCPA.

[8] Because the Court dismisses the Complaint under Rule 12(b)(6) on the basis of *res judicata*, it need not reach Defendant's remaining arguments for dismissal under Rule 12(b)(6). (ECF No. 7 at 10-14.)